IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

GEORGE IVAN LOPEZ,    )
          )  Civil Action No. 06-43
     Plaintiff,  )
          )  District Judge Terrence F. McVerry
    v.     )  Magistrate Judge Lisa Pupo Lenihan
          )
DR. STANLEY FALOR, ET AL.,  )
          )
     Defendants.  )

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

**I.  RECOMMENDATION**

   It is respectfully recommended that Plaintiff's Immediate Injunction Motion (doc. no. 19) be denied.

**II.  REPORT**

   Plaintiff, George Ivan Lopez, a capital inmate incarcerated at the State Correctional Institution at Greene, Pennsylvania (SCI-Greene), commenced this action pursuant to the Civil Rights Act of 1871, 42 U.S.C. § 1983.  Named as Defendants are present and/or former employees of the Pennsylvania Department of Corrections (DOC) at SCI-Greene and various medical personnel who work at SCI-Greene.  Plaintiff claims that Defendants have violated his rights as protected by the Eighth and Fourteenth Amendments of the United States Constitution by denying him adequate medical treatment.

   Presently pending before the Court is Plaintiff's Immediate Injunction Motion (doc. no. 19).  In his Motion, Plaintiff seeks an order from this Court requiring Defendants to perform corrective surgery as regards to lumps in his reproductive glands (hernias) and analyses to

determine the source of bleeding in his urine.  Plaintiff further demands that his treatment be provided by non-DOC personnel.

This Court has discretion to grant preliminary injunctive relief under Fed. R. Civ. Proc. 65. The purpose of the preliminary injunction is to preserve the status quo until the rights of the parties can be fairly and fully investigated and determined by strictly legal proofs and according to the principles of equity.  Wetzel v. Edwards, 635 F.2d 283, 286 (4th Cir. 1980).  Thus, the grant of injunctive relief is an "extraordinary remedy which should be granted only in limited circumstances."  American Telephone & Telegraph Co. v. Winback and Conserve Program, Inc., 42 F.3d 1421 (3d Cir. 1994) (quoting Frank's GMC Truck Center, Inc. v. General Motors Corp., 847 F.2d 100, 102 (3d Cir. 1988)), cert. denied, 514 U.S. 1103 (1995).  The party seeking a preliminary injunction has the burden of demonstrating:  1) a reasonable probability of success on the merits; 2) irreparable harm if the injunction is denied; 3) that the issuance of an injunction will not result in greater harm to the mon-moving party; and 4) that the public interest would best be served by granting the injunction.[1]  Council of Alternative Political Parties v. Hooks, 121 F.3d 876, 879 (3d Cir. 1997); Clean Ocean Action v. York, 57 F.3d 328, 331 (3d Cir. 1995); Opticians Ass'n of America v. Independent Opticians of America, 920 F.2d 187, 191-92 (3d Cir. 1990). Because Plaintiff is seeking mandatory relief, his burden is particularly heavy.  See Punnett v. Carter, 621 F.2d 578, 582 (3d Cir. 1980); Acierno v. New Castle County, 40 F.3d 645, 653 (3d Cir. 1994).  Moreover, a request for injunctive relief in the prison context "must always be viewed

---

1.    These elements also apply to temporary restraining orders.  Fink v. Supreme Court of Pennsylvania, 646 F. Supp. 569, 570 (M.D. Pa. 1986).  Cf. NutriSweet Co. v. Vit-Mar Enterprises, Inc., 112 F.3d 689, 693 (3d Cir. 1997) (a temporary restraining order continued beyond the time permissible under Rule 65 must be treated as a preliminary injunction, and must conform to the standards applicable to preliminary injunctions).

with great caution because 'judicial restraint is especially called for in dealing with the complex and intractable problems of prison administration." '  Goff v. Harper, 60 F.3d 518, 520 (8th Cir. 1995) (quoting Rogers v. Scurr, 676 F.2d 1211, 1214 (8th Cir. 1982)).[2]

Plaintiff bears the burden of establishing a "clear showing of irreparable injury."  Hohe v. Casey, 868 F.2d 69, 72 (3d Cir.), *cert. denied*, 493 U.S. 848 (1989).  This is not an easy burden. Adams v. Freedom Forge Corp., 204 F.3d 475, 484 (3d Cir. 2000).  "The word irreparable connotes "that which cannot be repaired, retrieved, put down again, atoned for . . .."  Acierno, 40 F.3d at 653.[3]  Moreover, when considering the type of injury sustained by a party seeking relief, "the claimed injury cannot merely be possible, speculative or remote."  Dice v. Clinicorp, Inc., 887 F. Supp. 803, 809 (W.D. Pa. 1995).  An injunction is not issued "simply to eliminate a possibility of a remote future injury. . . ."  Acierno, 40 F.3d at 655 (citations omitted).  The facts must clearly support a finding that immediate and irreparable injury will result to the movant if preliminary relief is denied.  United States v. Stazola, 893 F.2d 34, 37 n.3 (3d Cir. 1990).  Absent a showing of immediate, irreparable injury, the court should deny preliminary injunctive relief. *Id.*

---

2.   *See also* Taylor v. Freeman, 34 F.3d 266, 269 (4th Cir. 1994) (noting that intervention in the management of state prisons is rarely appropriate where mandatory injunctive relief is sought and only preliminary findings as to the plaintiffs' likelihood of success on the merits have been made); Fisher v. Goord, 981 F. Supp. 140 (W.D.N.Y. 1997) ("In the prison context, a request for injunctive relief must always be viewed with great caution so as not to immerse the federal judiciary in the management of state prisons.").

3.   *See also* Frank's GMC Truck Center, Inc. v. General Motors Corp., 847 F.2d 100, 102-03 (3d Cir. 1988) (holding that the irreparable harm requirement is met if a plaintiff demonstrates a significant risk that he or she will experience harm that cannot adequately be compensated after the fact by monetary damages).

Subsequent to the filing of his Injunction Motion, Plaintiff submitted a letter to the Court (doc. no. 25) claiming that his condition was worsening and that the only medical treatment he received was penicillin.  Included in his letter was a pair of what he described as "his bloody undershort."[4]

As evidenced by Defendants' Response to Plaintiff's Motion, and as reflected in the Declaration of Mary Reese, R.N. at SCI-Greene, Mr. Lopez has received continuous medical treatment for all of the complaints he has asserted.  From January 25 through August 22, 2006 he was either seen in medical, had a test performed or his chart and information reviewed on 19 occasions.  Specifically, according to the declaration, he first complained of passing blood on May 26, 2006 and was seen multiple times by the Medical Director.  Urinalysis tests were ordered, which revealed micro-hematuria, *i.e.*, a small amount of blood was detected in the testing, but no blood was visible to the naked eye.  Repeat urinalysis tests were performed yielding similar results.  When his urine culture revealed a urinary tract infection, he received antibiotics.  Repeat HCG tumor marker blood tests were ordered and yielded negative results.  At no time has there been any blood in plaintiff's urine which would be visible to the naked eye.  Moreover, if he had even a moderate amount of bleeding, he would not have remained in his housing unit.  More recently, on August 20, 2006, Plaintiff's complaints, history and test results were reviewed with medical staff at Central Office and a CT scan has been scheduled to determine whether he has renal stones.  In addition, a PSA test has been scheduled.

---

4.    The Court did not appreciate receiving such an article, and, given its potential for hazardous exposure did not view it, but turned it over to the federal marshal service.  Plaintiff is cautioned to refrain from sending the Court anything in the future except legal documents.

In light of this evidence, Plaintiff fails to show any immediate, irreparable injury that will result from the Court's denial of his Motion.  He has received repeated and adequate medical care and continues tor receive same. Where a plaintiff requests an injunction that would require the Court to interfere with the administration of a state prison, "appropriate consideration must be given to principles of federalism in determining the availability and scope of equitable relief." Rizzo v. Goode, 423 U.S. 362, 379 (1976).  The federal courts are not overseers of the day-to-day management of prisons.  Prison officials require broad discretionary authority as the "operation of a correctional institution is at best an extraordinarily difficult undertaking."  Wolff v. McDonnell, 418 U.S. 539, 566 (1974).  Accordingly, prison administrators should be accorded wide-ranging deference in the adoption and execution of policies and practices that are needed to preserve internal order and to maintain institutional security.  Bell v. Wolfish, 441 U.S. 520, 527 (1979).

Plaintiff has not demonstrated that he will suffer irreparable harm if the Court does not grant him injunctive relief prior to a full review of the merits of his action.  Accordingly, his Immediate Injunction Motion should be denied.

## III.    CONCLUSION

For the reasons stated above, it is respectfully recommended that Plaintiff's Immediate Injunction Motion (doc. no. 19) be denied.

In accordance with the Magistrates Act, 28 U.S.C.  § 636(b)(1)(B) and (C), and Rule 72.1.4(B) of the Local Rules for Magistrates, the parties are allowed ten (10) days from the date of service to file objections to this report and recommendation.  Any party opposing the objections shall have seven (7) days from the date of service of objections to respond thereto.  Failure to file timely objections may constitute a waiver of any appellate rights.

Dated: Oct. 2, 2006                     /s/Lisa Pupo Lenihan
                                        Lisa Pupo Lenihan
                                        U.S. Magistrate Judge


cc:     Terrence F. McVerry
        United States District Judge

        George Ivan Lopez, CZ-3198
        175 Progress Drive
        SCI Greene
        Waynesburg, PA 15370

        Mary Lynch Friedline
        Senior Deputy Attorney General
        Office of the Attorney General
        6th Floor, Manor Complex
        564 Forbes Avenue
        Pittsburgh, PA 15219